1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Albert, et al., | No. CV 10-1297-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| (1) Citibank N.A. as Trustee for BNC Mortgage Loan Trust 2007-3, Mortgage Pass-Through Certificates, Series 2007-3; (2) BNC Mortgage Inc.; (3) T.D. Service Company; (4) Chase Home Finance LLC; (5) J.P. Morgan Chase Bank, N.A.; (6) Washington Mutual, a division of J.P. Morgan Chase Bank, N.A.; (7) MERS; (8) ACE Mortgage Funding LLC; (9) First American Title Insurance Company, | |
| Defendants. | |

On July 16, 2010, this Court issued the following order:

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of a corporation); *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company).

Accordingly,

**IT IS ORDERED** that by July 30, 2010, the removing Defendant shall file an amended notice of removal properly alleging federal subject matter

> jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[footnote omitted]
> **IT IS FURTHER ORDERED** that Defendant is cautioned that it will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to assist Defendant in pleading jurisdiction.[1] Therefore, if the amended notice of removal fails to plead federal subject matter jurisdiction, this case will be remanded without the Court sua sponte granting Defendant any further opportunities to amend.

Doc. 20 (footnote in original).

On July 21, 2010, the removing Defendant, First American Title Insurance Company, filed an amended notice of removal that still fails to plead federal subject matter jurisdiction. Specifically, although there are nine Defendants, First American pleaded the citizenship of only five of the Defendants. Pleading the citizenship of only five of nine Defendants is insufficient to establish diversity jurisdiction.[2]

Additionally, as indicated in the July 16, 2010 Order, a limited liability company is a citizen of every state in which a member is a citizen. *Johnson*, 437 F.3d at 899. In the amended notice of removal, in discussing the citizenship of Chase Home Finance, L.L.C., First American fails to allege the citizenship of every member of the limited liability company. Thus, for this alternative reason, the amended notice of removal fails to establish federal subject matter jurisdiction.

The Court having given First American an opportunity to cure the defects in the jurisdictional allegations, and First American having failed to plead federal subject matter jurisdiction,

/ / /

/ / /

---

[1] The Court should not give a party advice because giving advice would undermine a district judge's role as an impartial decision maker. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[2] *Clarence E. Morris, Inv. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

1 **IT IS ORDERED** that this case is remanded to Maricopa County Superior Court for
2 lack of federal subject matter jurisdiction.
3 DATED this 10th day of August, 2010.

James A. Teilborg
United States District Judge